Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Plaintiff
Taie Weie Enterprise Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

TAIE WEIE ENTERPRISE CO., LTD.,

Plaintiff,

v.

TECHNOLOGICAL AQUATIC ASSOCIATED MANUFACTURING, a California corporation; TAT WAI LI, an individual, doing business as Tat Tropical Illusion; LI MEI LI, an individual, doing business as Tat Tropical Illusion; and DOES 1-10,

Defendants.

No.

**COMPLAINT FOR DAMAGES FOR:**

**(1) BREACH OF CONTRACT**

**(2) GOODS AND SERVICES RENDERED**

**(3) BOOK ACCOUNT**

**(4) ACCOUNT STATED**

**(5) PROMISSORY ESTOPPEL**

**(6) TRADEMARK REGISTRATION CANCELLATION (void ab-initio)**

**(7) TRADEMARK REGISTRATION CANCELLATION (fraud)**

Plaintiff Taie Weie Enterprise Co., Ltd., ("***Plaintiff***") alleges as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action to collect payment on invoices that were issued in connection with its sale of aquarium products, which have been imported and sold to defendants for resale in the United States. In addition, Plaintiff seeks cancellation of defendants' fraudulent

and unauthorized registration of Plaintiff's trademark in the United States. Despite repeated demands by Plaintiff, the defendants named herein have not paid Plaintiff in-full for the sale of these goods or agreed to turn over ownership of Plaintiff's marks. Instead, the defendants have engaged in a pattern of obfuscation and denial of liability. Accordingly, Plaintiff asserts claims against defendants of breach of contract and promissory estoppel, trademark registration cancellation, as well as common counts of goods and services rendered, open book account and account stated.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as there is a federal question relating to the cancellation of a federal trademark registration under U.S.C. § 1064, and pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy as to each Defendant exceeds $75,000.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendants reside within this judicial district and a substantial portion of the events giving rise to these claims occurred in this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a Taiwanese corporation with its principal place of business in Taipei, Taiwan.

5. Plaintiff is informed and believes, and on that basis alleges, that defendant Technological Aquatic Associated Manufacturing, a California corporation ("***TAAM***") is, and at all times mentioned herein was, a California corporation that distributes aquarium accessories and maintains its principal place of business in Thousand Oaks, California.

6. Plaintiff is informed and believes, and on that basis alleges, that defendant Tat Wai Li, doing business as Tat Tropical Illusion ("***Mr. Li***;") is, and at all times mentioned herein was, President and Director of TAAM, and an owner of Tat Tropical Illusion, a tropical fish specialty retail store with locations in Ventura and Thousand Oaks, California. Plaintiff is further informed

and believes, and on that basis alleges, that Mr. Li has at all relevant times maintained his residence in Ventura County, California.

7. Plaintiff is informed and believes, and on that basis alleges, that defendant Li Mei Li, doing business as Tat Tropical Illusion ("***Mrs. Li***;" collectively with TAAM and Mr. Li, "***Defendants***") is Mr. Li's spouse, and at all times mentioned herein was, a co-owner of Tat Tropical Illusion. Plaintiff is further informed and believes, and on that basis alleges, that Mrs. Li has at all relevant times maintained her residence in Ventura County, California.

8. Plaintiff is further informed and believes, and on that basis alleges, that Mr. and Mrs. Li sell tropical fish, aquariums and aquarium accessories to consumers through their retail store, Tat Tropical Illusion, and they sell aquarium accessories wholesale to other businesses through TAAM.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are currently unknown. Plaintiff therefore asserts claims against these defendants under fictitious names pursuant to California Code of Civil Procedure § 474 and Federal Rules of Civil Procedure Rule 15(c). Plaintiff will amend its complaint to identify such DOE defendants' true names and capacities once they are ascertained.

10. Plaintiff is informed and believes, and on that basis alleges, that each defendant named in this complaint, and each DOE defendant, is in some manner responsible for the wrongs and damages alleged below, and in so acting was functioning, at all relevant times, as the agent, servant, partner, alter-ego and/or employee of the other defendants, and each of them, and in doing the actions described below, was acting within the course and scope of his or her or its authority as such agent, servant, partner and/or employee with the permission and consent of the other defendants, and each of them. All acts herein alleged were approved of and ratified by each and every other defendant.

11. Plaintiff is informed and believes, and on that basis alleges, that the named individual defendants and DOES 1 through 10, are indistinguishable to the point that the corporate entity defendants identified herein are not only influenced and governed by the

individual defendants and/or DOES 1 through 10, but that the individuality and separateness of the corporate entities has ceased to exist and that an adherence to the fiction of the separate existence of the corporation would, under the circumstances alleged herein, sanction a fraud, or promote injustice.

12. At all times mentioned herein, defendants, and each of them, were members and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.

13. At all times herein mentioned, the acts and omissions of the various defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the complaints, injuries and damages alleged herein.

14. At all times herein mentioned, defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other defendants, thereby proximately causing the damages, as herein alleged.

## **GENERAL ALLEGATIONS**

15. Plaintiff is a Taiwanese manufacturer of aquariums and aquarium products, including water pumps, filters, and accessories. Plaintiff has manufactured such products under the RIO trademark since as early as 1993.

16. Plaintiff owns registrations for the RIO mark in several jurisdictions, including China (Chinese Trademark Registration No. 1911275, covering "Animal husbandry and fisheries equipment machinery and equipment; fetching water; a dozen oxygen; a pumping device; automatic feeders; automatic water; a water purification tank aquarium; aquarium pump; rearing aquarium air pump; drainage pond with microbubble device; incubator" in Class 7), Japan (Japanese Trademark Registration No. 6165092 covering "pumps for tanks, aerating pumps for aquaria, electric pump for tanks, animal-foodstuffs feeder" in Class 7) and Australia (Australian Trademark Registration No. 874949 covering "Aquarium water pumps and accessories therefor"

in Class 7 and "Aquarium water filters, and accessories therefor" in Class 11). Plaintiff also owns active registrations or pending applications for its RIO mark in Taiwan, the Philippines, Malaysia, Singapore, Vietnam, Indonesia, Thailand, and the European Union.

17. Plaintiff's products under the RIO mark are distributed world-wide through local distributorships in various countries, including the United States, Taiwan, Japan, China, Hong Kong, South Korea, Philippines, Thailand, Malaysia, Singapore, Indonesia, Vietnam, Australia, Russia, Germany, the Netherlands, Belgium, Luxembourg, England, Italy, France, and South Africa.

18. In the United States, Defendants are and have been distributors of Plaintiff's products under the RIO mark since as early as 1993, though Plaintiff and Defendants had a business relationship with respect to the importation of other products before 1993.

19. On February 22, 2017, unbeknownst to Plaintiff, TAAM filed U.S. Application Serial No. 77/541,792 for the RIO mark with the U.S. Patent and Trademark Office ("***USPTO***"). The application issued as the registration on October 17, 2017. The mark is identical to Plaintiff's mark, and TAAM's assertions of use of the RIO mark is based entirely on its role as a distributor of Plaintiff's products under the RIO mark. Plaintiff has initiated a lawsuit in the USPTO to cancel TAAM's registration of the RIO mark in the U.S. on the grounds that Plaintiff is the owner of the mark, and all goodwill associated with TAAM's distribution of its products under the RIO mark inures to the benefit of Plaintiff, not TAAM. That action is pending before the USPTO's Trademark Trial and Appeal Board, Cancellation No. 92072266.

20. While Defendants continue to act as a "merchant" that distributes Plaintiff's products in the U.S. (as such term is defined in Section 2104 of the California Commercial Code), Defendants have fallen significantly in arrears on invoices issued for products manufactured by Plaintiff and imported to the U.S. for resale by Defendants.

21. Each time Defendants place an order with Plaintiff, Plaintiff sends an invoice packing list and Bill of Lading along with the goods purchased that confirms the purchase of select goods, the quantity, and the price. True and correct copies of invoices issued between February 2, 2005 and April 17, 2018 are attached hereto and incorporated by reference herein as

***Exhibit* "*A*."** At no time have Defendants submitted written notice of objection to any such invoices.

22. Defendants have made partial payments on account of Plaintiff's invoices and have acknowledged in writing an obligation to pay these invoices in full. Defendants' last partial payment was made on or about June 22, 2018, in the amount of $20,000.

23. Defendants currently owe Plaintiff $414,165.22 on account of invoices that have been issued but have not been fully paid.

24. Plaintiff notified Defendants of these unpaid invoices in a letter dated October 7, 2019. A true and correct copy of the letter, which includes an account spreadsheet detailing the invoices issued and payments received from February 2005 through and including June 2018, is attached hereto and incorporated by reference herein as ***Exhibit* "*B*."** Defendants declined to respond to the written letter, resulting in the ensuing lawsuit.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against all Defendants)**

25. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 24 of this Complaint.

26. The invoices alleged herein constitute a fully binding and legally enforceable contract for the sale of goods between "merchants" pursuant to Commercial Code sections 2201 *et seq*.

27. Plaintiff has performed all of its obligations under the contract, except those excused by Defendants' repudiation.

28. Defendants materially breached the contract by failing to pay Plaintiff for the goods delivered to and accepted by Defendants in the amount of $414,165.22.

29. As an actual and proximate result of Defendants' material breach, Plaintiff has been deprived of the consideration it was entitled to receive under the contract, *to wit*, $414,165.22, together with interest accruing thereon at the legal rate and the legal fees incurred in pursuing claims against Defendants.

**SECOND CAUSE OF ACTION**

**GOODS AND SERVICES RENDERED**

**(Against all Defendants)**

30. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Under the Agreement, Defendants requested that Plaintiff manufacture and supply goods to Defendants for their benefit. Defendants knew that these goods were being provided and promised to pay for all goods delivered. Moreover, Defendants accepted, marketed and sold the goods provided by Plaintiff.

32. Plaintiff supplied the goods as requested and ordered by Defendants.

33. Defendants have not paid Plaintiff in full for the goods shipped between February 2, 2005 through and including April 17, 2018.

34. The fair and reasonable value of the good provided to Defendants by Plaintiff, which remain unpaid, is at least $414,165.22, plus legal fees and interest accruing thereon at the legal rate.

**THIRD CAUSE OF ACTION**

**BOOK ACCOUNT**

**(Against all Defendants)**

35. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 34 of this Complaint

36. Within four years last past, Defendants became indebted to Plaintiff on an open book account for money due in the sum of $414,165.22 for goods sold and delivered by Plaintiff to Defendants at their special instance and request, and for which Defendants agreed to pay the above sum. A copy of this account is included in ***Exhibit*** "***B***" attached hereto.

37. Neither the whole nor any part of the above sum has been paid, although demand therefor has been made, and there is now due, owing, and unpaid the sum of $414,165.22, plus legal fees and interest accruing thereon at the legal rate.

**FOURTH CAUSE OF ACTION**

**ACCOUNT STATED**

**(Against all Defendants)**

38. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 37 of this Complaint.

39. Between February 2, 2005 and June 22, 2018, an account was stated in writing by and between Plaintiff and Defendants. On such statement a balance of $414,165.22 was found due to Plaintiff from Defendants. Defendants agreed to pay Plaintiff said balance.

40. Although demanded by Plaintiff from Defendants, neither all nor any part of the agreed balance has been paid.

41. There is now due, owing, and unpaid from Defendants to Plaintiff the sum of $414,165.22, plus legal fees and interest accruing thereon at the legal rate.

**FIFTH CAUSE OF ACTION**

**PROMISSORY ESTOPPEL**

**(Against all Defendants)**

42. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 41 of this Complaint.

43. Defendants represented to Plaintiff that they would pay Plaintiff for goods purchased and provided to Defendants at their request.

44. In so doing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' representations by providing such goods.

45. Plaintiff reasonably and foreseeably relied on Defendants' representations and was induced to provide goods to Defendants between February 2, 2005 and June 22, 2018.

46. Defendants have not performed their end of the bargain by paying for the goods provided to it by Plaintiff.

47. As a direct and proximate result of Defendants' failure to perform according to their representations to Plaintiff, Plaintiff has suffered damages in the sum of $414,165.22, plus

legal fees and interest accruing thereon at the legal rate. Injustice can only be avoided by enforcing Defendants' promise and representation completely.

**SIXTH CAUSE OF ACTION**

**TRADEMARK REGISTRATION CANCELLATION: VOID AB INITIO**

**(Against all Defendants)**

48. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Defendants filed U.S. Trademark Application Serial No. 77/541,792 for the RIO mark (***"Application"***), which issued as U.S. Registration No. 5,309,779 (***"Registration"***), on October 17, 2017.

50. Defendants' assertions of use of the RIO mark in support of the Registration are based entirely on Defendants' role as distributor of Plaintiff's products under the RIO mark.

51. Plaintiff reasonably and foreseeably relied on Defendants' representations and was induced to provide goods to Defendants between February 2, 2005 and June 22, 2018.

52. Because Defendants' role is merely distributor of Plaintiff's products, Plaintiff, not Defendant, is the owner of the RIO mark, and all goodwill associated with Defendants' distribution of Plaintiff's products under the RIO mark inure to the benefit of Plaintiff, not Defendants.

53. Accordingly, because Defendants are not the owner of the RIO mark, Defendants were not entitled to file the Application. Defendants' U.S. Registration No. 5,309,779 for the RIO mark must therefore be cancelled as *void ab initio*.

**SEVENTH CAUSE OF ACTION**

**TRADEMARK REGISTRATION CANCELLATION: FRAUD**

**(Against all Defendants)**

54. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 53 of this Complaint.

55. When Defendants signed the Declaration in support of the Application, Defendants falsely stated that they believed “the applicant to be the owner of the trademark/service mark sought to be registered.”

56. When signing the Declaration in support of the Application, Defendants acknowledged that “. . . willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom . . . .”

57. By filing the Application with the knowledge that Defendants’ alleged use of the RIO mark was limited to distribution of Plaintiff’s products under the RIO mark, Defendants knowingly made false and material representations of fact with the intent to deceive the USPTO in connection with the Application, which amounts to fraud in the procurement of a trademark registration pursuant to 15 U.S.C. § 1064(3).

58. Accordingly, Defendants committed fraud on the USPTO and Defendants’ U.S. Registration No. 5,309,779 for the RIO mark must be cancelled pursuant to 15 U.S.C. § 1064(3).

**WHEREFORE**, Plaintiff prays as follows:

1. Damages in at least the amount of $414,165.22 for unpaid invoices on goods delivered by Plaintiff to Defendants;

2. Interest thereon at the legal rate;

3. Reasonable attorneys’ fees as permitted by California Civil Code section 1717.5, Code of Civil Procedure section 1033 and/or any other applicable statute, rule, or legal authority; and

4. Cancellation of U.S. Registration No. 5,309,779 for the RIO mark.

5. Such other and further relief as the Court deems just and proper.

DATED: April 13, 2020

**PERKINS COIE LLP**

By: /s/ Amir Gamliel
Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com

Attorneys for Plaintiff
Taie Weie Enterprise Co., Ltd.